# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: C.D.

No. 16-0810 (Wood County 15-JA-178)

**FILED**

**January 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father W.D., by counsel John Woods, appeals the Circuit Court of Wood County's May 27, 2016, order terminating his parental rights to one-year-old C.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Ernest M. Douglass, filed a response on behalf of the child, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2015, the Parkersburg Police Department responded to a burglary call with shots fired at petitioner's residence. Petitioner was transported to the hospital with a gunshot wound to his leg. During the underlying burglary investigation, petitioner informed the police that the intruders took a "gram" of heroin and cash. The child's mother corroborated petitioner's account of the events. The child's mother also informed investigators that one of the suspects "purchases weed" from petitioner. Petitioner then admitted that he frequently sold drugs in the residence while the child was present. Upon a search of petitioner's residence, police observed drug paraphernalia, including syringes that were within the reach of the child. Based upon these circumstances, the DHHR filed a petition for abuse and neglect.

The following month, petitioner stipulated to the allegations of abuse and neglect in that he exposed C.D. to unsafe living conditions and failed to provide adequate supervision because he kept illegal substances in his home. Thereafter, the circuit court granted petitioner a six-month post-adjudicatory improvement period. The terms and conditions of petitioner's improvement

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

period required him to submit to a psychological evaluation, to obtain and maintain a stable residence, to participate in adult life skills and parenting classes, and to submit to a substance abuse evaluation and two drug screens per week. The circuit court also granted petitioner visitation with the child.

In April of 2016, the guardian filed a motion to terminate petitioner's improvement period arguing that petitioner failed to submit to a psychological evaluation, failed to visit with C.D., failed to establish a safe and stable residence, and failed to attend adult life skills and parenting classes. The guardian also alleged that petitioner provided a false urine sample. By order entered on June 1, 2016, the circuit court terminated petitioner's post-adjudicatory improvement period and scheduled the matter for a dispositional hearing. Prior to the dispositional hearing, the DHHR filed an additional report indicating that petitioner failed to initiate parenting and adult life skills classes, missed nine drug screens, and tested positive for methamphetamines.

The circuit court held a dispositional hearing on June 27, 2016. Petitioner failed to appear, but was represented by counsel. The circuit court found that petitioner exposed the child to unsafe living conditions and inadequate supervision due to the inherent dangers associated with keeping and selling illegal substances in the home where the child resided. Based on these findings and conclusions, the circuit court ruled that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and the child's welfare required termination of his parental rights. By order entered July 29, 2016, the circuit court terminated petitioner's parental rights. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court failed to consider a less-restrictive alternative prior to terminating his parental rights. Specifically, petitioner argues that the circuit court should have granted his motion for a post-dispositional improvement period in lieu of

terminating his parental rights. West Virginia Code § 49-4-610(3) provides that a circuit court may grant an improvement period as a disposition when

> [s]ince the initiation of the proceeding, the respondent has not previously been granted any improvement period or the respondent demonstrates that since the initial improvement period, the respondent has experienced a substantial change in circumstances. Further, the respondent shall demonstrate that due to that change in circumstances, the respondent is likely to fully participate in the improvement period.

Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). Moreover, we have held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

In the case sub judice, it is undisputed that petitioner received an initial, post-adjudicatory improvement period prior to moving for a post-dispositional improvement period. As such, petitioner was required to demonstrate that, since his initial improvement period, he had experienced a substantial change in circumstances and, due to that change in circumstances, he was likely to fully participate in the dispositional improvement period. We find no support in the record on appeal for such a conclusion. In fact, the record is devoid of any evidence that petitioner is likely to fully participate in the post-dispositional improvement period. To begin, it is clear that petitioner failed to attend his dispositional hearing. Furthermore, the record is clear that petitioner failed to fully participate in his post-adjudicatory improvement period in that he failed to initiate adult life skills and parenting classes, failed to establish a safe and stable home, failed to visit with his child, missed nine drug screens, and tested positive for methamphetamines. Based on the record before this Court, we concur with the circuit court's findings that petitioner did not satisfy the terms of his initial improvement period and failed to establish a substantial change in circumstances such that a dispositional improvement period was required. Therefore, we find no abuse of discretion in the circuit court's termination order.

Furthermore, under the provisions of West Virginia Code § 49-4-604(b)(6), a circuit court must terminate parental rights when it finds that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the

abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

For the same reasons discussed above, petitioner failed to follow through with a reasonable family case plan designed to reduce or prevent the abuse or neglect of his child. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the circuit court's May 27, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: January 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4